IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3069 |
| | ) | |
| v. | ) | |
| | ) | |
| BENYAMIN HAWTHORNE, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Today, I conferred with counsel. I heard the positions of counsel, made certain rulings, and otherwise decided how to progress this case. Accordingly,

IT IS ORDERED that:

1. When sentencing the defendant, I will apply the recent ruling of the Supreme Court in *Abbott v. United States*, 131 S. Ct. 18 (November 15, 2010) (defendants were subject to consecutive sentence for possessing firearm in furtherance of drug trafficking crime despite higher minimum sentences for separate counts of conviction).

2. I will not apply the enhancements set out in the new Sentencing Guidelines Manual (effective November 1, 2010) as to do so raises ex post facto concerns and would violate the rule lenity. To this extent, the government's objection (filing no. 174) is denied.

3. As has been my practice since May 26, 2010, I may vary downward to implement the reduced ratios for crack found in the the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). I will hear arguments before I finally decide whether I should do so.

4. The defendant is given until January 17, 2011 to file and brief a variance motion regarding sentencing disparity and the use of a § 924(c) count in this case but not for the codefendants. If such a motion is filed, the government shall have 10 days thereafter to file a responsive brief.

5. An evidentiary hearing lasting no more than three hours will be held to resolve the following sentencing issues: (a) the government's objection that the defendant should receive a role enhancement for his role in the offense; (b) the government's objection that the powder cocaine attributed to the defendant should be converted to crack cocaine for purposes of sentencing; (c) the defendant's variance motion regarding sentencing disparity and the § 924(c) count; and (d) whether I should sentence the defendant using the reduced crack ratio.

6. Inasmuch as the lawyers have been given various continuances or extensions of time to prepare for sentencing, no other motions or objections will be considered without a showing of exceptional cause.

7. My judicial assistant shall contact counsel to schedule the three hour evidentiary hearing with sentencing to follow. (Please reserve 3.5 hours total.) That matter shall *not* be scheduled any earlier than February 7, 2011.

8. My judicial assistant shall provide the probation officer with a copy of this memorandum and order.

DATED this 22nd day of December, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge